IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 16-00200-KD-C |
| | ) |
| ROBERT CASEY DAVIS, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on the letter from Defendant Robert Casey Davis which the Court construes as a motion to transfer, or in the alternative, a motion to modify his sentence (doc. 103). Upon consideration, and for the reasons set forth herein, the motion is DENIED.

Davis had completed his fourth revocation sentence and was under supervision by the United States Probation Office when he was arrested in Baldwin County, Alabama, and charged with State offenses. A petition for revocation of supervised release was filed and Davis came before this Court on a writ of habeas corpus ad prosequendum. When a defendant is produced in federal court pursuant to a federal writ of habeas corpus ad prosequendum, the State retains primary custody over the defendant. Gates v. Crow, 2020 WL 7233623, at *4 (M.D. Ala. Nov. 10, 2020), report and recommendation adopted, 2020 WL 7229765 (M.D. Ala. Dec. 8, 2020). Thus, Baldwin County, Alabama retained primary custody over Davis, and pursuant to the writ, after conclusion of his federal action, he was returned to Baldwin County's custody.

While in federal custody, this Court revoked Davis' supervised release and he was sentenced to eighteen (18) months. His federal sentence was not imposed to serve concurrent with any yet-to-be imposed State sentence. Davis now reports that the sentences imposed by the Circuit Court of Baldwin County were to be served concurrent with his federal sentence, but instead of transfer to federal custody, he is now in the custody of the Alabama Department of Corrections.

Davis moves the Court to either order his transfer from state custody to federal custody to serve his state court sentence and his federal sentence concurrently as ordered by the Circuit Court of Baldwin County, Alabama, or in the alternative to modify his federal judgment to re-impose his federal sentence to serve concurrent with his state court sentence.

When multiple terms of imprisonment are imposed at different times, such as here, the terms are presumed to run consecutively unless the court orders otherwise. 18 U.S.C. § 3584(a). This Court did not impose Davis' sentence to be served concurrent with any other sentence. The Court may amend or modify Davis' sentence only in certain limited circumstances. See 18 U.S.C. § 3582. However, none of these circumstances exist in this action. Therefore, Davis' motion to modify and re-impose his federal sentence is denied.

Also, even though the Circuit Court of Baldwin County ordered that Davis serve his state sentence concurrent with his federal sentence, this Court does not have authority or jurisdiction to require the Alabama Department of Corrections to release Davis to federal custody before the end of his state sentence. The Circuit Court of Baldwin County retains jurisdiction and control over any motion to vacate or suspend Davis' state sentence, which may allow his release to federal custody. See United States v. Tubby, 546 F. App'x 869, 871 (11th Cir. 2013) (explaining that the "the state court vacated Tubby's state sentence and imposed a **suspended** sentence so that Tubby's state and federal sentences could be served concurrently in federal custody.") (emphasis added). Therefore, Davis' motion for transfer is denied.

The Clerk is directed to mail a copy of this Order to Davis at his address of record.

**DONE** and **ORDERED** this the 21st day of April 2022.

/s / Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**