# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) CRIMINAL ACTION 16-00200-KD-C |
| | ) |
| ROBERT CASEY DAVIS, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This action is before the Court on the motion to reconsider filed by Defendant Robert Casey Davis and letter[1] in support (docs. 106, 107). Upon consideration and for the reason set forth herein, the motion to reconsider is GRANTED. Accordingly, upon reconsideration, the motion to modify the judgment is GRANTED, and Davis' judgment is AMENDED to reflect that his eighteen (18) month sentence was imposed to serve concurrent with his State sentence.

Defendant Davis was convicted of the offense of possession of a firearm by a felon. He was sentenced to 18 months with 36 months supervision to follow (doc. 52). Davis completed his fourth revocation sentence and was under supervision when he was arrested in Baldwin County, Alabama and charged with a new state offense. He also faced revocation of conditions of release for a prior state offense.

A petition for revocation of Davis' federal supervision was filed (doc. 91). In October 2021, the Court revoked Davis' supervised release and he was sentenced to eighteen (18) months (doc. 102). The judgment indicated that his federal sentence was not imposed to serve concurrent

---

[1] The Court received a letter from Brenda Davis (doc. 107).

with any State sentence (Id.). Davis is now in the custody of the Alabama Department of Corrections.

Recently, Davis moved *pro se* for the Court to order his transfer from state custody to federal custody on basis that his state sentence was imposed to serve concurrent with his federal sentence. Davis expressed a preference for serving his sentence in a federal prison as opposed to a state prison. Alternatively, he moved to modify his federal judgment to re-impose his sentence to serve concurrent with his state court sentence. His motions were denied (doc. 104).

Davis, now represented by counsel, moves the Court to reconsider its prior denial of his motion to modify his federal judgment (doc. 106). Davis argues that the Court and counsel discussed a concurrent sentence at the sentencing hearing, and that the Court indicated an intent "to run Defendant's sentence concurrent with his State sentence" (Id., p. 1). In support, Davis provides a copy of his sentencing transcript (doc. 106-1).

The Court has reviewed the sentencing transcript. Initially, the Court stated that it would impose a twelve-month and one day and that the Court would "make it concurrent with the state, just in case there's some mess-up between the concurrencies of these" sentences (doc. 106-1, p. 7). At the request of the Defendant, and after discussion, the Court ultimately imposed a sentence of eighteen months. However, when pronouncing the eighteen-month sentence, the Court did not specifically state that it would be served concurrent with Davis' state sentence. (Id., p. 10).

Review of the transcript in its entirety confirms the Court's intent to impose Davis' eighteen-month sentence to be served concurrent with his state sentence the same as it had intended his twelve-month and one day sentence. Accordingly, pursuant to Rule 36 of the

Federal Rules of Criminal Procedure,² the judgment is amended. <u>United States v. Minnis,</u> 763 Fed. Appx. 900, 902 (11th Cir. 2019) ("'In determining the terms of a sentence, it is the intent of the sentencing judge which controls, and that intent is to be determined by reference to the entire record.'") (quoting <u>United States v. Purcell</u>, 715 F.2d 561, 563 (11th Cir. 1983)); <u>United States v. Garrett</u>, No. 21-13618, 2022 WL 1701486, at *1 (11th Cir. May 27, 2022) ("Clerical errors are 'minor and mechanical in nature,' like errors in transcription or recitation.") (citing <u>United States v. Portillo</u>, 363 F. 3d 1161, 1164-1165 (11th Cir. 2004)).

    DONE and ORDERED this the 21st day of September 2022.

                                            <u>s/Kristi K. DuBose</u>
                                            KRISTI K. DuBOSE
                                            UNITED STATES DISTRICT JUDGE

---

² Rule 36 provides as follows: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission."